May it please the court, counsel, my name is Lisa Kirkpatrick and I represent the government in this appeal. This court should reverse the district court's determination that robbery under Minnesota law is not a violent felony under the Armed Career Criminal Acts Force Clause for several reasons and those reasons are outlined in the government's brief but I would like to focus on two reasons here today. The first reason is that when read properly, Curtis Johnson is a kind of force case, not a level of force case and Minnesota robbery has the kind of force necessary under Curtis Johnson and under the Force Clause. The second reason I'd like to discuss is the reasoning articulated by the Seventh Circuit in Maxwell and in Jennings that because fifth degree assault is a lesser included offense of simple robbery and because assault has as an element the use attempted use or threatened use of force within the meaning of Curtis Johnson, so too does the greater offense of simple robbery. So turning first to my first focus here today, Curtis Johnson. Curtis Johnson is a kind of violence case, kind of force, not a level of force. Curtis Johnson held that the kind of force necessary to satisfy the Force Clause is violent force, force capable of causing physical injury. The question before ... The Third Circuit Court has adopted that interpretation of the Florida Battery Analysis. Two courts have, Your Honor. The Third Circuit in Chapman, which is cited in one of the government's 28J letters and the Second Circuit in Hill, which is cited by the Third Circuit in the Chapman case. And that Chapman ... In Bell, we sort of treated it more as a level of force, didn't we? We have, but improperly, Your Honor. Read properly, it's a kind of force case. And the question before the Supreme Court in Curtis Johnson is specifically outlined by the Supreme Court, and this is at page 1270 of the Curtis Johnson opinion, is the has the specialized meaning that it bore in the common law definition of battery. It does not. Now, your answer to Judge Grunder's question makes it sound like this is an in-bank argument. If you want ... Bell and Eason involve Arkansas and Missouri robbery statutes and the state court's interpretations and applications of those statutes, so they are not controlling. But those panels' analysis of Johnson probably is controlling on our panel, or at least that's a serious problem. Bell is the only decision that actually addressed level of force. And Your Honors, I don't think that Bell is good law right now, pending the outcome of the en banc decision in Swopes. Swopes merely applied Bell in the context of the Armed Career Criminal Act. Let me ask it this way. Don't you think you could win even if Bell was not overturned? Absolutely, we can win even if Bell is not overturned. Why is that? That is because ... Let me back up. I'll go to the fifth degree assault argument. How about Minnesota case law is a little different than Missouri case law? Absolutely. I think that Missouri case law in Bell, that Missouri robbery strays from the definition of common law robbery, because it defines force as any bodily impact. Minnesota's robbery statute is not that broad. It doesn't adopt that non-common law concept of robbery. Instead, it requires that force be used to compel acquiescence in the taking. Well, Counsel, don't both statutes have the exact same words, like force to overcome resistance? Minnesota and Missouri? Yes, they do. And if not further defined ... Minnesota and Missouri the same. Go ahead. Because Missouri has a separate statutory provision that defines force in a way that strays from the common law concept of force. It defines force as any bodily impact. And that's not common law burglary, or excuse me, common law robbery. Robbery at common law could not be committed by the slightest offense of touching, which is exactly what was at issue in Curtis Johnson, which sounds eerily similar to the language of the Missouri statute. But Minnesota doesn't have that separate, non-common law-esque definition. Instead, it follows the common law concept of burglary that essentially requires a taking by force or violence. Well, we're categorical here. The Minnesota statute says force. The Missouri statute at least says physical force. Correct. But the Missouri statute has a separate provision that defines physical force as any bodily impact. And under Curtis Johnson, that's not sufficient because that encompasses the common law concept of battery force. And Curtis Johnson court held that when Congress was defining the term violent felony, it would not have used a force, a specialized term of force that applied to only misdemeanor offenses because at common law, all battery offenses were misdemeanors. It meant something more. Are you sure Missouri has a different statutory definition of force or is that from the case law? I apologize, Your Honor. I'm confusing Missouri with Arkansas. Yes, you are. That's what I was trying to bring you back on to. Because Missouri is, I mean, excuse me, Arkansas is in their statute any bodily impact. Not Missouri. Missouri's reads a lot like Minnesota, except Missouri puts physical force to overcome resistance and Minnesota puts force, but go ahead. My apologies. Go ahead. The wording of the statute is certainly similar, but Missouri courts' interpretation of Missouri law has no bearing on Minnesota courts' interpretation of Minnesota law. And Minnesota law is what's before this court. And the case law confirms that violent force within the meaning of Curtis Johnson is required. There's no case that holds that a battery level, misdemeanor level of force would be sufficient. In fact, as the Seventh Circuit found, fifth degree assault, as statutorily defined, is a lesser included offense of simple robbery. And this court has already addressed assault under Minnesota law, held that it categorically involves the use, attempted use, or threatened use of force within the meaning of Curtis Johnson. Therefore, the greater offense of robbery also must, by logical syllogism, include that level of force. If the lesser included offense includes it, so does the greater offense. There's no way to say that the Supreme Court's Armed Career Criminal Act jurisprudence precedes biological progression. So the logic of your lesser included argument, I understand. I'm not at all sure it would carry the day with the majority in Mathis. Fair enough, Your Honor. But the Supreme Court has cautioned that when applying the categorical approach, the courts and the parties should use a common sense approach. And the district court here specifically said that any person using language in their ordinary way would consider robbery to be a violent felony. And that's the approach the district court should have applied instead of saying, I'm going to set aside common sense and apply robbery in the Armed Career Criminal Act in this distinct way. Counsel, I still don't quite know where you are. Your opponent said, both at the trial court and in their brief in this court, we'll see what they say at argument, for purposes of, I'm quoting, for purposes of determining whether a crime is a predicate offense under the ACCA, comma, there is no meaningful difference between the Missouri statute and the Minnesota statute. Do you agree or disagree with that? Disagree. On the statutes? On the statutes. Did you hear what he said? On the statutes, on the wording of the statutes, agree. But the way courts have interpreted them varies. First of all, I don't think Bell is still good law in light of the pending unbound decision and swaps. Second of all, as I said, Missouri courts' interpretation of its own law has no bearing on Minnesota courts' interpretation of its law. But you think the words of the statute are the same? The wording is the same. They seem to track the common law definition of robbery. Except physical force versus force is the only textual difference. Go ahead. Correct. And I would like to, again, focus the court on Curtis Johnson and on the history of the Armed Career Criminal Act. In 1985 . . . Let me just ask you, am I wrong in thinking that if our panel said that the Seventh Circuit in Jennings properly construed Minnesota statute as interpreted by Minnesota courts and applied it to the ACCA, this case is over? You are correct. Because that's the three simple robberies and that is sufficient number of predicates? You are correct. Yes. So that's certainly one way, one path this court could go to reverse the district court. But another path is to look at Curtis Johnson and to look at the history of the Armed Career Criminal Act. In 1984, when the predecessor Armed Career Criminal Act was enacted, it identified only two predicates, burglary and robbery. And it specifically defined robbery to be common law robbery, taking from the presence of another with force or violence. Fast forward to 1986, when Congress enacted essentially the current version of the statute, it sought to expand the scope, not restrict, expand the scope of the Armed Career Criminal Act. And in doing that, it retained burglary as enumerated offense and added a few others. And it enacted the force clause. Legislative history bears out that it specifically intended the force clause to encompass the robbery that used to be included in the predecessor statute, that common law robbery. It intended that robbery, as well as murder, rape and assault, be included within the scope of the force clause. That's the kind of force, violent force, that Curtis Johnson was talking about. That's the kind of force required by the Minnesota statute. Minnesota statute, as interpreted by Minnesota courts, has not strayed from that violent force common law concept of robbery. And none of the cases, no case, supports the concept that, and the statute itself, no case supports the proposition that a battery level specialized meaning of force would support a robbery conviction. The advisory comments to the statute make that clear. A pickpocketing, purse snatching by stealth, none of that will qualify under Minnesota law. You need to struggle. You need to tussle. You need some sort of violent confrontation between the victim and the assailant. I know that it's much of an understatement to say that application of the Armed Career Criminal Act has been a challenge for courts and parties, but this is an easy case. It's an easy case because Curtis Johnson defines the kind of force as violent force. It's an easy case because fifth degree assault has already been held to be a violent felony and is a lesser included. And it's an easy case because Minnesota law confirms that Minnesota robbery requires violent force. Unless your honors have any questions, I'll reserve the remainder of my time. Mr. Ziad, I note that you're appointed under the Criminal Justice Act and the court appreciates your assistance. Thank you, Your Honor. Counsel, Judge Benton, the Missouri statute is exactly the same as the Minnesota statute. If you look at the Missouri statute, section 569.030.1, it says a person commits the crime of robbery in the secondary when he forcibly steals property. Then it goes on to define forcibly steals as when a person uses or threatens the immediate use of physical force for the purpose of preventing or overcoming resistance or compelling the owner of such property to deliver such property. It is exactly the same in terms of meaning. That's been your position at every level, right? Yes. Does that get you home? No, but it does not get me home, but it gets me part of the way home. The first part, Your Honor, first we got to go back to the statute itself, the Armed Career Criminal Statute. It talks about violent felonies. Then it defines violent felonies as a felony that has an element, an element, and that's an important point, the use, attempted use, or threat use of physical force, again an important point, against the person of another. Physical force. Minnesota statute does not require physical force. Arkansas requires physical force. Missouri requires physical force. Minnesota all requires force. The Burrell case on the Minnesota side, mere force suffices for purposes of it, but that's only the beginning part. The next thing the court needs to look at . . . Tell me what's the difference between force and physical force. I think there could be a force that is not physical in nature, in terms of glare. It could be a look. It could be something else. Okay, so what Minnesota court upheld a conviction under this statute with a glare? Okay, well, not with a glare, but we'll get there. There is, of course, State v. Nelson. In State v. Nelson, two young men are on a bus. There's a 13-year-old kid in front of them. They think the 13-year-old kid has money. They follow him off the bus, and they grab his coat. The young boy is able to flee out of the coat and runs to his home. The court in State v. Nelson said they are sufficient to sustain a conviction. Because they say forcibly pulling, grabbing and pushing, jostling, those kind of words, right? No, but the specific case, Your Honor, in . . . No, that's Nelson. I'm quoting from Nelson. Those words are in Nelson counsel. Yeah, forcibly pulled on the boy's coat, but the boy slipped out of the jacket and ran to his parents' nearby restaurant, and they followed him into there. What part of Jennings' lengthy analysis of Nelson do you disagree with? I think Jennings is . . . first of all, it's not controlling precedent. Secondly, element. Let's go to the Stanifor case upon which Jennings relied. If you go to the Stanifor case, the Stanifor case talks about what it is to require fifth-degree assault. Fifth-degree assault requires intent to cause fear in another of immediate bodily harm or death. I meant the lengthy discussion in Jennings of the facts in Nelson going behind the opinions referenced to grabbing the coat and explaining why there was common law robbery involved, or at least attempted or threatened common law robbery involved in Nelson, which the court obviously perceived. Well, Jennings does not trump Eason, and it does not trump Bell, and Bell . . . Given the Supreme Court's emphasis on the way each state's courts interpret the statute that we're construing, you're not . . . you can say that, but the Seventh Circuit looking at the same issue that we are looking at is, I would say, perhaps more likely to be persuasive authority than our court looking at different statutes and case decisions in other states in our circuit. That to me is a reality of ACCA jurisprudence. Let me, if I may, answer your question twofold. One, Curtis Johnson talks about, and it's important to keep that in context, what Curtis Johnson held. Curtis Johnson stated at 130 Supreme Court 1265-1271, we think it clear that in the context of statutory definition of violent felony, the phrase physical force means violent force. That is a force capable of causing physical pain or injury to another person. Even by itself, the word violent in section 924E2B connotes substantial degree of force. Substantial degree of force. When the adjective violent . . . Am I wrong to recall that Johnson carefully said it was not dealing with attempts and threats? No, I think you are correct, Your Honor. Yeah. Okay. And that changes the world drastically. Well, let's go to Bell then. The Bell statute, the Missouri statute, is almost identical to Bell. The Missouri statute is almost identical to the Minnesota statute. In Bell, the court said that we must, and this is relying on Moncrief, the Supreme Court case in Moncrief, it says we must consider the lowest level of conduct that may support a conviction under the statute. That then goes on to say a realistic probability that a state may apply its statute to conduct falling short of violent force is enough to disqualify the conviction for purposes of the ACCA. In Bell, the court analyzed Missouri law, State v. Lewis. In Lewis, the defendant bumped the victim's shoulder, yanked her purse away from her, nudged the victim, and there was a slight struggle over the purse. That's in the record. That's why I asked you what was wrong with the Jennings factual analysis of Nelson. Well, the second thing, Nelson, in addition to Nelson, there's other cases in Minnesota law. Slaughter. Slaughter involves somebody grabbing a chain and yanking it off somebody's neck. There, the court held that the defendant ran behind the victim, snatched the necklace off her neck, causing scratches. After the state rested, he moved for judgment of acquittal on the robbery. The court denied it. On appeal, he said, A, I should have been granted judgment of acquittal because all I did was snatch a necklace. And the court said that the scratches provide sufficient evidence of use of force necessary to contain a conviction of simple robbery. So there's a second case out of Minnesota that has a quantum level of force. I might rather have a slap in the face than scratches on my neck. But then it goes on. Although a simple purse snatching usually consists of pushing or grabbing a person during a theft, may constitute simple robbery. Then you go to the Burrell case, State v. Burrell, where the court says mere force suffices for simple robbery snatching. So there's other cases beside Nelson. And specifically, going back to Bell. Let's go back to Bell for a second. Yes, sir. Do you disagree with the way I characterized in my dissent that the Bell majority relied on the dicta of a mere touching would be enough as opposed to the actual facts of the case? Well, I think, Your Honor, in that case, the majority said that Lewis, I mean, I believe it was, if I may correct, Lewis, that Lewis recited seven different Missouri cases within that context. And in your dissent, Your Honor, did argue that mere touching, that Missouri required some quantum level of force. Well, the Lewis reference to mere touching didn't match the facts of the case. Right. But in that case, the court held in that, in Bell specifically, Your Honor, it talked that they pointed to the defendant bumped victim's shoulder. They pointed to the defendant yanked her purse away from her. They pointed to the defendant nudged the victim. And they pointed to there was a slight struggle over the purse. So it goes beyond just a mere touching on that point. And that's the holding of Bell. And go ahead. Well, but Bell actually relied on, didn't rely on those facts. It relied on a suggestion in Lewis that a mere touching would be enough. Right. Well, what's important about Bell, Your Honor, is the analysis that it provides. And the thing that I want to bring back to you, I think this is a critical point that we, the court needs to address. And I think it applies here. In Bell, the court said, in Missouri, a defendant can be convicted of second-degree robbery when he has physical contact with a victim but does not necessarily cause pain or injury. Although this is not the same as concluding the force used by such a defendant is not capable of causing pain or injury, it does lead us to conclude that there is at least a reasonable probability Missouri could apply statute already has to conduct falling short of violent force. A second-degree robbery under Missouri law does not necessarily require use of force, use of the type of violent force described by the Supreme Court in Curtis Johnson. So in analyzing Minnesota law and looking at what Minnesota law, you can't just look at it in isolation with respect to State v. Nelson. You have to look at slaughter. You have to look at Burrell. And you have to look at the other cases. In terms of the Eason case in Arkansas, do you agree with your opponent that Arkansas is different because their statute says any bodily impact? Well, no, I do not agree with that because, Your Honor, in Arkansas, the court also says, you know, Arkansas... Yeah, but start with the statute. Stay with the text because I like to start with that. Perfect. A person commits... And Minnesota and Missouri don't have this any bodily impact right in the statute, correct? No, Arkansas does. Arkansas does, yeah. But it goes on to say, Arkansas statute is any bodily impact, restraint, or confinement, or threat of any bodily impact, restraint, or confinement. And that's not Minnesota and Missouri, right? That's Arkansas. Yeah, I know, but nothing like that is in Minnesota and Missouri statute. I'm asking a simple question. I think there is. I think restraint and confinement equates to overpowering somebody, equates to... Yeah, but you're mixing the case law with the statute. I'm trying to stay on the statute. Let's stay on the statute. Okay, and Arkansas is different because they define it as any bodily impact in their statute. Minnesota and Missouri don't have a statutory definition of any bodily impact. Theirs is sufficient to overcome force. Bodily impact, restraint, or confinement is what the statute is. Right. And it's different than Minnesota and Missouri. I think restraint and confinement is equivalent to Minnesota and Missouri. Yeah, but in the statute. I'm just talking... No, I agree. I agree with you. Okay, good. That was all I was after, really. The statute goes beyond, does not codify common law robbery in Arkansas, in other words. Minnesota and Missouri appear to. Leaving aside how they've been applied. Minnesota requires force, nothing more. There is a realistic probability when you look at Minnesota law that one can be convicted of simple robbery under Minnesota law that does not meet the threshold required by Curtis Johnson. One last point, Your Honor, if I may. We have three minutes. With respect to this fifth degree lesser included, therefore we decided and we're done. That is wrong because that requires standoffer. The Hackler case says that in Minnesota, specifically from the Hackler Supreme Court case, the fact that the lesser offense is not necessarily proved, I'm sorry, the fact that the lesser offense is not necessarily proved by proof of the commission of the greater offense does not mean that the lesser offense is not included under section 609.24. The reason that's important is because in standoffer, standoffer requires as an element intent to cause fear in another of immediate bodily harm or death. That is not present in simple robbery statute and under Minnesota law, something can be a lesser included offense even though they have different elements. So that case law cannot apply here because Minnesota's entitled to define what is a lesser included offense. Blockburger is not the be-all end-all of the analysis. So therefore, fifth degree assault being a crime of violence, everybody can agree with that. But that is a lesser included offense under Minnesota law, yes, but not with respect to the elements, which is what we're required to review here. Thank you, Your Honor. Thank you, counsel. I'd like to start where Mr. Zia had left off, Hackler. Hackler addresses one of two ways Minnesota defines included offenses. Under Minnesota statute section 604.04, Minnesota defines an included offense as either a lesser degree of the same offense. That's what is what was at issue in Hackler. So second, third, fourth, fifth degree assault are all under this statute included offenses of first degree assault and so on and so forth. That's not the provision of 609.04. That was an issue in standoffer. Standoffer addressed the second way that an offense can be an included offense, and that's the Blockburger way. That's where the elements meet, where proof of the greater offense necessarily proves the lesser offense. That's what the court held in standoffer is why fifth degree assault is a lesser included. Turning to the Nelson case, the Seventh Circuit correctly determined that Nelson wasn't addressing any particular level of force, and that, Your Honor, is why the danger you identified in your dissent in Bell is the danger of using these cases to stand for something that wasn't in fact in front of the court. In Nelson, the court was addressing causation. Did the defendant's use of force cause the victim to relinquish his property? Or did the victim simply just let go and run? If the court had been addressing the force itself, the use of force, I suspect it would have been a very different opinion. But, counsel, they used the word force, and they used the term use of force in their holding, so it does say something about force. Force was assumed, but the question is whether that force caused— No, no, no. Force was described in the opinion. This is a state Supreme Court talking. It was. Yeah. It was. But if the defendant had argued that what I did didn't amount to force, I suspect that would have been a very different opinion. And the only opinion— It would have been a different holding is what you're driving at, correct? And probably a greater recitation of facts that discuss the threatened use of force and not simply the use of force. Because under the facts of that case, you can see two people grabbing a kid coming off a bus. You can absolutely envision that as being a violent encounter. But that just simply wasn't the issue in front of the court. The only case I found where the use of force was actually at issue is the unpublished Court of Appeals decision, State v. Powell, which is cited in my brief. And that's the case where the assailants appeared out of the darkness and guided— Is it a Court of Appeals unpublished case? Correct. Go ahead. Proceed. State v. Powell. Sure. And guided the inebriated victim through some parking lots in downtown Minneapolis, put him in a car, and drove him to an ATM. And the defendants there argued, I didn't use force, we just gently guided him. That's the only opinion that I have found where the actual use of force element was in play. And that force clearly qualifies as the, under Curtis Johnson, violent force. Unless Your Honors have any further questions, we ask that this Court reverse the District Court's decision. Thank you, Counsel. It's a recurring thorny issue that's been well-briefed and argument's been very good this morning, so we'll take it under advisement.